**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4466
_____

RAHEL KASHAY MATTIS, a/k/a Rahel K. Zemuy,
a/k/a Rahel Zemuy Mattis, a/k/a Rahel Hail Mariam,
a/k/a Rahel Zemuy Hail Mariam, a/k/a Rahel Zemuy Hailmariam,
                                                                                    Petitioner

VS.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-496-642)
Immigration Judge:  Honorable Irma Lopez-Defillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: June 17, 2014)
_____

OPINION
_____


PER CURIAM

Rahel Kashay Mattis ("Petitioner") petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen her removal proceedings. For the reasons that follow, we will deny the petition.

I.

Petitioner is a native and citizen of Ethiopia who entered the United States on an F-1 student visa in 2006. In March 2007, she married a United States citizen named Jeffrey Martin Mattis ("Mr. Mattis"). Based on this marriage, Petitioner obtained conditional permanent resident status in November 2007. In April 2009, she filed for divorce from Mr. Mattis. Because he did not plead or otherwise defend in that action, a default judgment of divorce was entered in October 2009.

In November 2009, Petitioner filed a Form I-751 Petition to Remove Conditions on Residence with United States Citizenship and Immigration Services ("CIS"), a branch of the Department of Homeland Security ("DHS"). In February 2010, CIS sent her a notice requesting evidence indicating that she had entered into her marriage with Mr. Mattis in good faith and not for immigration purposes. Petitioner failed to respond to that notice within the allotted time period. As a result, in June 2010, CIS deemed the petition abandoned, denied the petition without prejudice, and terminated her conditional permanent resident status. As a result of that termination, DHS initiated removal proceedings against Petitioner in early 2011.

In August 2011, Petitioner married a United State citizen named Joseph Anthony Mahoney. In November 2011, Petitioner appeared before an Immigration Judge ("IJ")

for a merits hearing in her removal case. During that hearing, she made no mention of her marriage to Mahoney and did not apply for any relief based on that marriage. Instead, she sought a waiver, under 8 U.S.C. § 1186a(c)(4), of the joint petition requirement for removing the conditions on the permanent residence that she had obtained through her marriage to Mr. Mattis. The IJ denied that request and ordered Petitioner's removal to Ethiopia. Petitioner did not appeal from that decision.

On January 3, 2012, Mahoney filed with CIS a Form I-130 Petition for Alien Relative on Petitioner's behalf. On January 31, 2012, Petitioner moved the IJ to reopen her removal proceedings so that she could apply to adjust her status on the basis of that petition. In her motion, she informed the IJ that the petition was still pending before CIS.

On March 21, 2012, the IJ denied reopening. In doing so, the IJ relied on the following points: (1) because Mahoney's petition was still pending, there was no basis on which to adjudicate an application for adjustment of status; (2) although adjustment of status in this context required the alien to provide clear and convincing evidence that the marriage was entered into in good faith and not for immigration purposes, Petitioner had provided no evidence about the bona fides of her marriage to Mahoney; (3) Petitioner had failed to provide a copy of her underlying application for relief; and (4) because Petitioner married Mahoney months *before* her November 2011 merits hearing, her motion to reopen did not involve "new" facts or evidence.

Petitioner appealed the IJ's denial of reopening to the BIA. In her appellate brief, filed in June 2012, she informed the BIA that Mahoney's petition was still pending

3

before CIS. On October 29, 2013, the BIA upheld the IJ's decision and dismissed Petitioner's appeal, reiterating reasons (2) through (4), above. The BIA also declined to remand the matter to the IJ on the basis of Petitioner's newly raised claim that her former attorney was ineffective, explaining that Petitioner had failed to comply with any of the procedural requirements set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988).

Petitioner now seeks review of the agency's adjudication of her motion to reopen.

## II.

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1).[1] "We review the [agency's] denial of a motion to reopen for abuse of discretion," and we "review its underlying factual findings related to the motion for substantial evidence." Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007) (quotation marks omitted). A denial of reopening constitutes an abuse of discretion only if it is "arbitrary, irrational, or contrary to law." Id. (quotation marks omitted). We review constitutional claims de novo. Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008).

---

[1] There is some question whether venue is proper in this case. A petition for review "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Petitioner's agency case was docketed in Saint Thomas, U.S. Virgin Islands, which lies within this Circuit, but was adjudicated by an IJ sitting in Puerto Rico, which lies in the First Circuit. As a result, it is not immediately clear where the proceedings should be deemed "completed" for purposes of § 1252(b)(2). We need not resolve this issue, however, because § 1252(b)(2) is a non-jurisdictional provision, Khouzam v. Att'y Gen., 549 F.3d 235, 249 (3d Cir. 2008), and the parties agree that this case should proceed in this Circuit, see Moreno-Bravo v. Gonzales, 463 F.3d 253, 258 (2d Cir. 2006) (explaining that the issue of venue "is in the nature of a convenience to litigants and subject to their disposition").

4

Petitioner's arguments here revolve around her assertion that, while her appeal from the IJ's denial of reopening was pending, CIS approved Mahoney's I-130 petition. In support of this assertion, Petitioner submits a Notice of Action ("NOA") from CIS, dated April 25, 2013, and seeks permission to add this document to the joint appendix. But as the Government correctly points out, this document was not part of the administrative record and, thus, may not be considered here. See 8 U.S.C. §1252(b)(4)(A). Accordingly, Petitioner's motion to supplement the appendix is denied.

Even if we were to consider that document in our analysis, it would not entitle Petitioner to relief. Although the NOA was issued six months before the BIA entered its decision, Petitioner never notified the BIA that Mahoney's I-130 petition had been approved. She contends that no such notice was required. Even if we were to agree — we need not reach that issue here — CIS's approval of Mahoney's petition does not render the agency's denial of reopening an abuse of discretion. As both the IJ and the BIA explained, an alien who, like Petitioner, is seeking to adjust status on the basis of a marriage that occurred during her removal proceedings must present clear and convincing evidence that the marriage was entered into in good faith and not for immigration purposes. See 8 U.S.C. § 1255(e). Because the IJ and the BIA correctly concluded that Petitioner failed to provide any such evidence, the agency's denial of reopening was proper and did not hinge on the resolution of Mahoney's petition.[2]

_____

[2] As best we can tell, Petitioner's reply brief appears to argue that the merits of her adjustment of status application were irrelevant at the motion-to-reopen stage because

In light of the above, we will deny the petition for review.[3] As noted above,

Petitioner's motion to supplement the appendix is denied, too.

---

that application would be filed only *after* a grant of reopening. Even if this argument has not been waived, see Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994), it is wrong, see Shardar, 503 F.3d at 313 (explaining that "a motion to reopen must establish *prima facie* eligibility for the relief sought") (quotation marks omitted).

[3] Neither Petitioner's purported reliance on Federal Rule of Civil Procedure 60(b)(6), nor her arguments regarding the "interest of justice" and "equity," entitle her to relief here. Additionally, to the extent that she alleges a due process violation in connection with her efforts to reopen her removal proceedings, we see no such violation.